UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

DAVID De BAUCHE,

        Petitioner,

v.                                                 Case No. 10-MC-14

GREGORY GRAMS,

        Respondent.

———————————————————————————

# ORDER

Petitioner David De Bauche ("De Bauche") asks this court to stay the one-year statute of limitations period in which he must file a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. De Bauche asserts that he has exhausted one "confrontation clause" claim, but wishes to present additional ineffective assistance of counsel claims to the state courts. He asks this court to "hold his contemplated § 2254 petition in abeyance" so that he may exhaust the remainder of his claims before actually filing a § 2254 petition. (Pet.'s Mot., at 1).

This issue arises because a petitioner seeking a writ of habeas corpus must first exhaust his state remedies. *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997). A federal district court typically will dismiss without prejudice a habeas petition that includes any unexhausted claims. The court may, however, stay the federal proceedings and place them in abeyance while the petitioner pursues state court remedies if outright dismissal would jeopardize the petitioner's opportunity for any federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275

(2005). Therefore, if De Bauche had filed a "mixed" § 2254 petition including both his exhausted and unexhausted claims, the court would consider whether holding the case in abeyance was appropriate.

This is not the situation before the court. De Bauche has not yet filed a federal habeas petition. Therefore, there are no federal proceedings for the court to hold in abeyance. The United States Supreme Court suggests that a petitioner may file a "protective" petition in federal court, and then request that the petition be held in abeyance until state remedies are exhausted. *See Pace v. DiGuglielmo*, 544 US 408, 416-17 (2005). However, this requires a petitioner to *first* file a § 2254 petition including both his exhausted and unexhausted claims, and *then* request that the proceeding be held in abeyance. Only then can the district court determine whether staying his petition is appropriate. De Bauche's current motion to hold his contemplated petition in abeyance is premature and the court is obliged to deny it.

Accordingly,

**IT IS ORDERED** that the petitioner's motion to stay AEDPA's one-year statute of limitations (Docket #1) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge